JS-6
**O**

# United States District Court
# Central District of California

RAUL ZAMUDIO, an individual, and SOLEDAD ZAMUDIO, an individual,

Plaintiffs,

v.

FMC CORPORATION, a Delaware Corporation; and DOES 1 through 20, inclusive,

Defendants.

Case No. 2:18-cv-05733-ODW(AGR)

**ORDER DENYING MOTION TO REMAND [15], ORDERING TRANSFER TO EASTERN DISTRICT OF CALIFORNIA**

## I. INTRODUCTION

Plaintiffs Raul Zamudio and Soledad Zamudio (collectively, "Plaintiffs"), citizens of California, move to remand this action to the Superior Court of California, County of Los Angeles. (Mot. to Remand ("Mot."), ECF No. 15.) Defendants oppose the Motion to Remand. (Opp'n to Mot., ECF No. 19.) However, because an identical case was filed in the Eastern District of California, the Court ordered the parties to show cause why this case should not be consolidated and transferred. (ECF No. 28.) For the reasons discussed below, the Court **DENIES** Plaintiffs' Motion to Remand

and orders the Clerk to **TRANSFER** this case to the Eastern District of California.[1] (ECF No. 15.)

## II. FACTUAL BACKGROUND

Plaintiffs seek relief under state tort law for harm suffered due to Defendant's alleged malfunctioning pulper-finisher machine. (*See* Compl. ¶ 12, Ex. A, ECF No. 1-1.) Plaintiffs allege that on or about July 2, 2015, Raul Zamudio's arms were amputated after a machine manufactured by Defendants cycled when shut down while he was cleaning the device. (*Id*. ¶ 19.)

Thereafter, on November 14, 2016, Plaintiffs filed a complaint in the Eastern District of California ("Eastern District"), styled, *Raul Zamudio v. FMC Corporation*, Case No. 2:16-cv-02693-TLN (DB). (*See* Notice of Related Case ("Notice") ¶ 1, ECF No. 5.) On January 24, 2017, Plaintiffs filed an Amended Complaint in that court. (*Id*.) In the Eastern District action, Plaintiffs allege six causes of action: strict product liability-manufacturing defect; strict product liability-design defect; strict product liability-failure to warn; negligent product liability; breach of expressed warranties; and loss of consortium. (*See* Compl. ¶¶ 16–71, Ex. A.)

On June 28, 2017, Plaintiffs filed an identical complaint in the Superior Court of the State of California, County of Los Angeles, *Raul Zamudio v. FMC Corporation*, Case No. BC-666847. (Notice ¶ 2.) Plaintiffs allege that venue was proper in Los Angeles County because Defendant Industrial Electric Machinery's ("IEM") principal place of business is located in Los Angeles County. (Compl. ¶ 5, Ex. B, ECF No. 1-2).

Defendants removed the instant case to this Court on June 28, 2018, exactly one year from the date Plaintiffs filed the matter in state court. (*See* Notice of Removal, ECF No. 1.) Thirty-two days later, on July 30, 2018, Plaintiffs filed a Motion to Remand. (Mot.) However, upon review of the entire record, the Court discovered

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

FMC filed a Motion for Summary Judgment, which was taken under submission in the Eastern District on April 12, 2018. (Notice ¶ 7.) The Court ordered the parties to show cause why this case should not be consolidated and transferred, and the parties submitted responses.

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute in favor of remand, and there is a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted). A plaintiff objecting to removal may move for remand due to lack of subject matter jurisdiction or another defect, such as the timeliness of removal. *See* 28 U.S.C. § 1447(c).

Absent exception, no case may be removed from state to federal court based on diversity of citizenship "more than [one] year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The one-year deadline serves "as a means of reducing the opportunity for removal after substantial progress has been made in state court." H.R. Rep. No. 100-889, at 72 (1988). This "curtailment in access to diversity jurisdiction" is necessary to avoid "substantial delay and disruption" in state court proceedings. *Id.* Section 1446 expresses Congress's "opinion that a diversity case which has been before a state court for more than one year should stay there." *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1470 (C.D. Cal. 1989).

One exception to the one-year rule involves fraudulently joined defendants. "It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 & n. 1 (9th Cir. 1988); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Yet, "[f]raudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe,* 811 F.2d at 1339. In deciding whether a cause of action is stated, the Ninth Circuit has directed courts to "look only to a plaintiff's pleadings to determine removability." *Gould v. Mutual Life Ins. Co. of New York,* 790 F.2d 769, 773 (9th Cir. 1986). However, when fraudulent joinder is at issue, the Ninth Circuit has held that courts will go further than merely analyzing the pleadings alone. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

## IV. DISCUSSION

As an initial matter, Plaintiffs' entire argument in response to the order to show cause assumes that the Court grants their Motion to Remand. Specifically, Plaintiffs maintain that after the Court grants the Motion to Remand, the Court should abstain under *Colorado River* and decline to transfer the case. However, Plaintiffs concede that consolidation and transfer is appropriate if the Court denies the Motion to Remand. Accordingly, the Court will address arguments raised in favor and against remand, whether abstention is appropriate, then whether the case should be transferred.

### A. Remand

Plaintiffs argue that the Motion to Remand should be granted because complete diversity did not exist at the time of removal, and because they did not act in bad faith. (Mot. 7.) These arguments are unavailing because Plaintiffs ignore exceptions to the removal statute, and it is apparent that an exception applies.

The instant matter was removed on June 28, 2018, exactly one year after the case was filed in Los Angeles Superior Court. Shortly after Plaintiff filed its complaint, IEM maintained it was improperly named as a defendant. (Decl. of James N. Kahn ("Kahn Decl.") 2, ECF No. 19-1.) Defendants propounded discovery on Plaintiffs in April 2018, which transformed IEM's claims from "wrong whodunit" to substantial by indicating that IEM was not involved with the machine at issue or any named defendant. *Id*. at 3. IEM's person most qualified was deposed on June 19, 2018, who reiterated that no relationship existed between IEM and any other named Defendant. *Id.* This firmly placed Plaintiffs on notice that IEM was not a proper Defendant.

In response, Plaintiffs point to the text of the statute and place considerable emphasis on the fact that they did not name IEM in bad faith. Plaintiffs maintain that diversity did not exist at the time the case was removed because IEM was still a party to the suit. These arguments ignore the fraudulently-joined defendant exception. The facts indicate that IEM not only maintained it was improperly named, it propounded discovery indicating this fact and testified under oath to the same effect. The Court can look past the pleadings; thus, the fact that IEM was ultimately dismissed from the suit is significant. As a result, it logically follows that Plaintiffs cannot plausibly maintain a cause of action against IEM because they played no role in Plaintiffs harm. As such failure is obvious under state law, IEM was fraudulently joined and Plaintiffs' arguments for remand are without merit.

Accordingly, Plaintiffs' Motion to Remand is **DENIED**.

**B. Colorado River Doctrine**

In response to the Court's order to show cause, Plaintiffs argue that "[o]nce the matter is remanded, principles of federalism and well-established *Colorado River* doctrine-based case law regarding concurrent jurisdiction," should allow the state action to proceed parallel to the case in the Eastern District. (Response 4, ECF No. 31.)

Under the *Colorado River* abstention doctrine, Courts may refuse to exercise jurisdiction and instead defer to pending parallel state court proceedings. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Plaintiffs reliance on *Colorado River* is misplaced because they assumed the Court would grant its Motion to Remand, which would revive the state action. Without such a decision, there is no pendant state action. In sum, Plaintiffs assume the existence of a condition necessitating *Colorado River* abstention where there is none. Such an argument is unpersuasive because it places the proverbial cart before the horse and argues for concrete results while assuming nonexistent foundation.

Thus, Plaintiffs' abstention argument is without merit.

**C. Transfer**

Although Plaintiffs concede that transfer is appropriate if the Court denies its Motion to Remand, the Court will address transfer in the interest of completeness.

A district court may transfer an action to any district or division "where the action might have originally been brought to promote the convenience of the parties and witnesses and the interests of justice." 28 U.S.C. § 1404(a). Section 1404(a) "gives a district court broad discretion to transfer a case to another district where venue is also proper." *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1108 (C.D. Cal. 2007); *see also Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.").

As indicated, Plaintiffs are domiciled in the Eastern District, the incident at issue occurred within that district, and Plaintiffs filed suit in the Eastern District. Venue is proper in the Eastern District under 28 U.S.C. § 1391(b)(2) because that is where the incident occurred.

The instant case and the matter in the Eastern District involve common questions of law, include the same parties, and identical causes of action based on the

same facts. Furthermore, the case in the Eastern District has proceeded through discovery, and Defendants' Motion for Summary Judgment was taken under submission on April 12, 2018. (*See* ECF. No. 28.) Therefore, transfer promotes convenience of the parties, and avoids unnecessary cost and delay.

Accordingly, the Court transfers the matter to the Eastern District California.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Motion to Remand. (ECF No. 15.) The Clerk of Court is hereby **ORDERED** to transfer this case to the District Court for the Eastern District of California.

**IT IS SO ORDERED.**

January 11, 2019

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**